UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JOSE ALFREDO MENDOZA LOMBERA,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY; WILL TIESIERA FORD MERCURY; and DOES 1-10, inclusive,<br><br>Defendants. | No. 2:26-cv-02064 WBS SCR<br><br><u>MEMORANDUM AND ORDER RE: PLAINTIFF'S MOTION TO REMAND</u> |

----oo0oo----

Plaintiff Jose Alfredo Mendoza Lombera moves to remand this action to the Superior Court of the State of California, County of Santa Clara. (Mot. to Remand (Docket No. 11).) Plaintiff alleges Song-Beverly Consumer Warranty Act claims and a fraudulent concealment claim against Ford Motor Company, and a negligent repair claim against Will Tiesiera Ford Mercury ("the dealership"), Ford's authorized California dealership. (Compl. (Docket No. 1-1).) The claims arise from plaintiff's purchase of a 2018 Ford F-150, which was serviced at the dealership "on at

least one occasion" for "substantial repairs" relating to transmission, engine, and electrical defects. (Compl. ¶¶ 12, 74.)

In support of removal, Ford argues that plaintiff "abandoned" his "non-viable negligent repair claim against [the dealership]," resulting in the dealership, a California citizen, having been misjoined or fraudulently joined. (Notice of Removal ("Notice") at 3 (Docket No. 1).) Ford argues that plaintiff abandoned his claim when he failed to identify, pursuant to the state court's order, a specific negligent repair or item of damages attributable to the dealership. (Id.) Ford thus grounds removal on the complete diversity of the parties it deems properly joined: Ford, a citizen of Delaware and Michigan, and plaintiff, a citizen of California. (Id. at 5.)

In determining whether removal is proper, a court may disregard a fraudulently joined defendant's citizenship. See Grancare, 889 F.3d at 548 (citing Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U.S. 146, 152 (1914)). There is, however, a "general presumption against [finding] fraudulent joinder." Grancare, 889 F.3d at 548.

A defendant may allege fraudulent joinder in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court," a form of constructive fraud. Benton v. Ford Motor Co., No. 26-CV-2096 WBS SCR, 2026 WL 2607640, at *3 (E.D. Cal. Sept. 3, 2026) (Shubb, J.) (quoting Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir.

2009)).[1] Here, defendant argues both fraudulent joinder theories.[2] (See Notice at 5; Opp'n at 8 (Docket No. 14).)

I. Actual Fraudulent Joinder

"Actual fraud in the pleading of jurisdictional facts" requires "a showing that plaintiff lied in the pleadings." Benton, 2026 WL 2607640, at *3 (citing Cifuentes v. Allstate Vehicle & Prop. Ins. Co., No. CIV-25-716-D, 2026 WL 25458, at *3 (W.D. Okla. Jan. 5, 2026)); see also Hermalyn v. DraftKings, Inc., No. 2:24-CV-00997-MCS-E, 2024 WL 944260, at *2 (C.D. Cal. Feb. 8, 2024) (describing "false statements in a pleading about a party's citizenship" as "paradigmatic" actual fraud).

Here, Ford argues that plaintiff "maintained incorrect statements to avoid federal jurisdiction" by failing to identify a negligent repair, and "[t]hat is actual fraud." (Opp'n at 9.) This argument improperly attempts to convert a merits dispute into a fraud accusation. See Benton, 2026 WL 2607640, at *3 ("Allegations of inadequate factual support concerning [the dealership's] specific negligent repairs do not relate to a showing of actual fraud, but to the claims' merits."). The court therefore rejects it.

Ford also accuses plaintiff's counsel of a "documented pattern of misconduct in other Song-Beverly Act cases," where it "asserts negligent-repair claims against non-diverse dealerships based on the exact same boilerplate allegations, and without

---

[1] In Benton, this court granted a nearly identical motion in a nearly identical case. The parties' arguments are also similar.

[2] Ford only raises its "actual fraud" theory in its opposition brief. It is absent from Ford's notice of removal.

regard to the actual facts." (Opp'n at 4.) This case, Ford argues, is no different. (Id.)

While this pattern of behavior, if true, is troublesome, as this court recognized recently, "an actual fraud showing will not be satisfied by mere allegations of 'cookie-cutter complaints' or a high volume of similar cases filed by plaintiff's counsel." Benton, 2026 WL 2607640, at *3 n.3 (quoting Cifuentes, 2026 WL 25458, at *3). Accordingly, Ford has failed to establish actual fraudulent joinder.

II. Constructive Fraudulent Joinder

To establish "constructive" fraudulent joinder, a court "must consider whether there is 'a possibility that a state court would find that the complaint states a cause of action'" against the non-diverse defendant. Id. at *4 (quoting Edwards v. UPS, No. 2:24-CV-01283 KJM DMC, 2024 WL 4132664, at *4 (E.D. Cal. Sept. 10, 2024) (Mueller, J.)). When "it is abundantly obvious that [a plaintiff] could not possibly prevail," joinder is constructively fraudulent. Id. (quoting Carrick v. Peloton Interactive, Inc., No. 24-00212, 2024 WL 3378332, at *4 (N.D. Cal. July 10, 2024)). "A colorable claim -- even that which would not survive a Rule 12(b)(6) motion to dismiss -- is sufficient to defeat fraudulent joinder if it 'can possibly be cured by granting the plaintiff leave to amend.'" Id. (quoting Grancare, 119 F.3d at 549-550).

Here, Ford contends that plaintiff fraudulently joined the dealership through a factually unsupported claim. It argues that plaintiff "is unable to identify a single alleged repair that was negligent in any way, nor . . . any duty, breach,

details of such negligence, or any harm to Plaintiff." (Notice at 6.)

Nonetheless, Ford has not shown that plaintiff's negligent repair claim is futile. "Even a claim which is dismissed under Federal Rule of Civil Procedure 12(b)(6) may still be amended or cured such that there is still a 'possibility' it can prevail." Benton, 2026 WL 2607640, at *4 (citing Grancare, 119 F.3d at 549-50). That is the case here. Even if plaintiff's factual allegations are insufficient, Ford has not shown that amendment in state court could not cure the deficiency.

Ford also argues that plaintiff's claim is barred by the economic-loss rule. (See Opp'n at 5-8.) That argument has been repeatedly rejected by federal courts in California -- including this court. See Miranda v. FCA US, LLC, 497 F. Supp. 3d 880, 883 (E.D. Cal. 2020) (Shubb, J.); Benton, 2026 WL 2607640, at *4 (quoting Andrade v. Ford Motor Co., 2023 WL 2586302, at *5 (S.D. Cal. Mar. 20, 2023)). Ford has not persuaded the court to accept it now. Accordingly, Ford's constructive fraudulent joinder theory also fails, and it has not shown that removal is proper.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Docket No. 11) be, and the same thereby is, GRANTED. This case is hereby REMANDED to the Superior Court of California, in and for the County of Santa Clara, Case No. 24CV447600.

Dated: October 14, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE